1  Stanley Goff, Bar No. 289564
2  15 Boardman Place Suite 2
   San Francisco, CA 94103
3  Telephone: (415) 571-9570
   Email: scraiggoff@aol.com
4
5  Attorney for Plaintiff Ruth Shelton-Pryor

6                    UNITED STATES DISTRICT COURT
7               FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9  RUTH SHELTON-PRYOR,                    Case No.:

10            Plaintiff,                   COMPLAINT FOR DAMAGES:
                                           EXCESSIVE FORCE, ADA VIOLATION FOR
11 vs.                                     WRONGFUL ARREST AND FAILURE TO
                                           PROVIDE REASONABLE
12 CITY OF VALLEJO AND DOES 1-50           ACCOMMODATIONS
                                           [42 U.S.C. § 1983]
13
14            Defendants.

15

16

17

18

19

20

21

22              **DEMAND FOR JURY TRIAL**

23

24

25

26

27

28

   AMENDED COMPLAINT FOR DAMAGES- 1

**JURISDICTION**

1. This court has jurisdiction over the subject matter of this complaint under 42 U.S.C. §1983.

**I.**

**PARTIES**

2.   Plaintiff Ruth Shelton-Pryor brings an action for the above-mentioned federal causes of action against all defendant parties.

3. The City of Vallejo is a public entity in the State of California that employs the Vallejo Police Department and its Police Officers.

4.   Vallejo Police Officer DOE was at all times relevant to this complaint employed as a law enforcement officer employed by the City of Vallejo when he engaged in the acts leading to the plaintiff's injuries. He is also being sued in his individual capacity.

5.   Defendant DOE officers were at all times relevant to this complaint employed as law enforcement officers employed by the City of Vallejo when they engaged in the acts leading to the plaintiff's injuries.

6.   Each defendant officer is also being sued in his/her individual capacity. At all times relevant to this complaint, all defendants acted under color of state law and will hereinafter be referred to as "defendant officer".

AMENDED COMPLAINT FOR DAMAGES- 2

## II.

## STATEMENT OF FACTS

7. On January 9, 2015, plaintiff was diagnosed with stage 4 Adenocarcinoma of the lung with brain metastasis. She subsequently underwent whole brain radiation, followed by chemotherapy. Because of the brain lesions caused by the cancer, the plaintiff developed seizures. Although the plaintiff takes her anti-seizure medication, she still has seizures (though not as severe as when she was first diagnosed) on a continuous basis.

8. On July 9, 2015, around 12:00 p.m., in the City of Vallejo, the plaintiff was preparing to be driven to Sacramento by her daughter.

9. After getting dressed, however, the plaintiff experienced a seizure. The seizures that the plaintiff suffers from are partial seizures because she does not lose consciousness. (she can verbalize but can not form clear sentences).

10. The plaintiff's daughter did not want to take the plaintiff to Sacramento in the state that she was in and called the plaintiff's brother-in-law for assistance.

11. The brother-in-law arrived and attempted to drive the plaintiff to the hospital. While the two were in the car driving, the car came to a stop at stop sign and the plaintiff still suffering from her seizure, exited the car and began walking down the street.

12. At that time, there were some Vallejo Police cadets who happened to be in that area at that time.

13. The plaintiff's brother-in-law got out of his car and asked the cadets to call an ambulance.

AMENDED COMPLAINT FOR DAMAGES- 3

14. The cadets called an ambulance but also appeared to have called the Vallejo Police Department.

15. The defendant officer arrived at the scene before the ambulance showed up, and asked the plaintiff's brother-in-law what was going on.

16. The plaintiff's brother-in-law explained to the defendant officer that the plaintiff had brain cancer and that she was having a seizure, and that he needed help getting her to a hospital.

17. During this time, an ambulance and another police officer arrived. The plaintiff's brother-in-law left the plaintiff with the defendant officer to explain to the paramedics and the other officer what was going on.

18. The paramedics began the process of attempting to place the plaintiff in an ambulance to take her to a hospital and informed the plaintiff what they were doing.

19. In her altered state of mind, the plaintiff told the paramedics that she did not want to go to a hospital.

20. At that moment, the defendant officer became aggressive, approached the plaintiff and immediately pulled the plaintiff's arm behind her back past its range of motion and forcefully swept her to the ground. During this time, the defendant officer placed tightly fitting handcuffs on the plaintiff's wrists.

21. The plaintiff began crying from the pain that she felt in her shoulder and in her wrists and told the defendant officer that he was hurting her and that she was in extreme pain, but the defendant officer continued to hold her with her arm painfully stretched behind her back and refused to loosen her handcuffs.

22. An ambulance subsequently arrived and the plaintiff was taken to Kaiser ER, where she was treated and released after several hours.

AMENDED COMPLAINT FOR DAMAGES- 4

23. The plaintiff continued to have shoulder pain after the incident. She began experiencing decreased range of motion in her left shoulder secondary to her pain.

24. The plaintiff was subsequently referred to an orthopedists for her injury and was diagnosed as having adhesive capsulitis.

25. The plaintiff's orthopedist has recommended that she undergo arthroscopic surgery for her injury.

## FEDERAL CAUSE OF ACTION

### Plaintiff v. Defendant Officer  (Federal Constitutional Claims)

*Excessive Force*

26. The defendant officer violated the plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from excessive force when without provocation or justification, he grabbed the plaintiff from behind in an aggressive manner, swept the plaintiff to the ground and pulled her hands behind her back in a manner that extended her arm well beyond its range of motion despite the plaintiff informing the defendant officer that she was in extreme pain, causing her to suffer injury to her shoulder as well as severe emotional distress.

27. That the defendant officer engaged in this unnecessary use of force despite being informed that the plaintiff had cancer and that she was having a seizure during the time of the incident.

28. The defendant officer violated the plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from excessive force when he secured the plaintiff in unreasonably tight handcuffs without provocation or justification, despite the plaintiff informing the defendant officer that she was in pain as a result of the tight handcuffs, causing the plaintiff to suffer severe injuries to her wrists as well as severe emotional distress.

AMENDED COMPLAINT FOR DAMAGES- 5

**Plaintiff v. City of Vallejo  (Federal Constitutional Claims)**

*American With Disabilities Act*

29. That the plaintiff is an individual with a disability because she has Stage Four lung and brain cancer and suffers from continuous brain seizures and that her disabilities prevent her from engaging in normal life activities such as learning, performing manual tasks, caring for herself, and working.

30. That the plaintiff has medical records, which indicate a history of her disabilities and her impairments as a result of her disabilities.

*Wrongful Arrest Theory*

31. That the plaintiff was disabled at the time that she was arrested by the defendant officer.

32. That the defendant knew or should have known that the plaintiff was disabled at the time that he came in contact with the plaintiff because the plaintiff's brother-in law informed the defendant officer that she had advanced cancer and that she was suffering from a brain seizure.

33. That the conduct for which the plaintiff was detained and handcuffed by the defendant officer was the result of her disability.

AMENDED COMPLAINT FOR DAMAGES- 6

*Reasonable Accommodation Theory*

34. That the defendant officer failed to reasonably accommodate the plaintiff's disability in the course of his criminal investigation or detainment or arrest of her, causing the plaintiff to suffered greater physical injuries in the process than other people arrested under identical circumstances who are not disabled.

35. That the defendant officer was on notice of the plaintiff's need for an accommodation based on her disabilities because he was informed by the plaintiff's brother-in-law prior to his attempt to grab the plaintiff force her to ground and place tight handcuffs on her, that she had cancer was suffering from an epileptic seizure.

36. That at the time of the plaintiff's arrest and or detainment by force, their existed the reasonable accommodation of the defendant having a medical specialist come to the scene and talk the plaintiff down so that she could be placed into the care of medical officials without having to harm her.

37. That this modification and or accommodation would not have fundamentally altered the defendant's ability to take the plaintiff into custody and or place her into the care of medical officials.

AMENDED COMPLAINT FOR DAMAGES- 7

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS as follows:

1. Compensatory damages as to all defendants;

2. For punitive damages according to proof as to each defendant officer;

3. Reasonable attorneys' fees and costs pursuant to U.S.C. 1988;

4. For such other and further relief as the court deems just and proper

Plaintiff hereby demands a jury trial.

Dated: February 6, 2016

_____
/s/
Stanley Goff Esq.,
Attorney for Plaintiff Ruth Shelton-Pryor

AMENDED COMPLAINT FOR DAMAGES- 8