UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH SHELTON-PRYOR, | No. 2:16-cv-00464-MCE-CKD |
| Plaintiff, | |
| v. | PRETRIAL SCHEDULING ORDER |
| CITY OF VALLEJO, | |
| Defendant. | |

After reviewing the parties' Joint Status Report, the Court makes the following Pretrial Scheduling Order.

I.      SERVICE OF PROCESS

All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

II.      ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

III.      JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. section 1331. Jurisdiction and venue are not contested.

///

1

1    IV.    DISCOVERY

2          All discovery, with the exception of expert discovery, shall be completed by

3    **April 10, 2017.**  In this context, "completed" means that all discovery shall have been

4    conducted so that all depositions have been taken and any disputes relative to discovery

5    shall have been resolved by appropriate order if necessary and, where discovery has

6    been ordered, the order has been obeyed.  All motions to compel discovery must be

7    noticed on the magistrate judge's calendar in accordance with the local rules of this

8    Court.

9    V.    DISCLOSURE OF EXPERT WITNESSES

10          All counsel are to designate in writing, file with the Court, and serve upon all other

11   parties the name, address, and area of expertise of each expert that they propose to

12   tender at trial not later than **June 9, 2017**.[1]  The designation shall be accompanied by a

13   written report prepared and signed by the witness.  The report shall comply with Fed. R.

14   Civ. P. 26(a)(2)(B).

15          Within thirty (30) days after the designation of expert witnesses, any party may

16   designate a supplemental list of expert witnesses who will express an opinion on a

17   subject covered by an expert designated by an adverse party.  The right to designate a

18   supplemental expert for rebuttal purposes only shall apply to a party who has not

19   previously disclosed an expert witness on the date set for expert witness disclosure by

20   this Pretrial Scheduling Order.

21          Failure of a party to comply with the disclosure schedule as set forth above in all

22   likelihood will preclude that party from calling the expert witness at the time of trial.  An

23   expert witness not appearing on the designation will not be permitted to testify unless the

24   party offering the witness demonstrates: (a) that the necessity for the witness could not

25   have been reasonably anticipated at the time the list was proffered; (b) that the Court

26

27        _____
          [1] The discovery of experts will include whether any motions based on Daubert v. Merrell Dow
28   Pharmaceuticals, Inc., 509 U.S. 579 (1993) and/or Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999)
     are anticipated.

1   and opposing counsel were promptly notified upon discovery of the witness; and (c) that

2   the witness was promptly made available for deposition.

3        For purposes of this Pretrial Scheduling Order, an "expert" is any person who may

4   be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules

5   of Evidence, which include both "percipient experts" (persons who, because of their

6   expertise, have rendered expert opinions in the normal course of their work duties or

7   observations pertinent to the issues in the case) and "retained experts" (persons

8   specifically designated by a party to be a testifying expert for the purposes of litigation).

9        Each party shall identify whether a disclosed expert is percipient, retained, or

10  both.  It will be assumed that a party designating a retained expert has acquired the

11  express permission of the witness to be so listed.  Parties designating percipient experts

12  must state in the designation who is responsible for arranging the deposition of such

13  persons.

14       All experts designated are to be fully prepared at the time of designation to render

15  an informed opinion, and give their bases for their opinion, so that they will be able to

16  give full and complete testimony at any deposition taken by the opposing party.  Experts

17  will not be permitted to testify at the trial as to any information gathered or evaluated, or

18  opinion formed, after deposition taken subsequent to designation.

19       Counsel are instructed to complete all discovery of expert witnesses in a timely

20  manner in order to comply with the Court's deadline for filing dispositive motions.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

3

VI.    MOTION HEARING SCHEDULE

The last day to hear dispositive motions shall be **August 24, 2017.**  All papers should be filed in conformity with the Local Rules.  However, with respect to Motions for Summary Judgment <u>only</u>, the parties shall comply with the following filing deadlines:

| | |
|---|---|
| Motion for Summary Judgment | filed at least 8 weeks prior to hearing |
| Opposition and any cross-motion | filed at least 5 weeks prior to hearing |
| Reply and opposition to cross-motion | filed at least 3 weeks prior to hearing |
| Reply to cross-motion | filed at least 1 week prior to hearing |

Absent leave of the Court, all issues the parties wish to resolve on summary judgment must be raised together in one (1) motion or cross-motion.  Should the parties wish to file additional motions for summary judgment, they must seek leave of the Court.

The parties are directed to the Court's website for available hearing dates. (www.caed.uscourts.gov → select <u>Judges</u> → select <u>Judge England</u> → select <u>Standard Information</u>)

All purely legal issues are to be resolved by timely pretrial motions.  When appropriate, failure to comply with Local Rules 230 and 260, as modified by this Order, may be deemed consent to the motion and the Court may dispose of the motion summarily.  With respect to motions for summary judgment, failure to comply with Local Rules 230 and 260, as modified by this Order, may result in dismissal for failure to prosecute (or failure to defend) pursuant to this Court's inherent authority to control its docket and/or Federal Rule of Civil Procedure 41(b).  Further, failure to timely oppose a summary judgment motion[2] may result in the granting of that motion if the movant shifts

///

---

[2] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

1   the burden to the nonmovant to demonstrate that a genuine issue of material fact

2   remains for trial.

3       The Court places a page limit for points and authorities (exclusive of exhibits and

4   other supporting documentation) of twenty (20) pages on all initial moving papers, twenty

5   (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit

6   increases must be made in writing to the Court setting forth any and all reasons for any

7   increase in page limit at least seven (7) days prior to the filing of the motion.

8       For the Court's convenience, citations to the Supreme Court Lexis database

9   should include parallel citations to the Westlaw database.

10      The parties are reminded that a motion in limine is a pretrial procedural device

11  designed to address the admissibility of evidence.  The Court will look with disfavor upon

12  dispositional motions presented at the Final Pretrial Conference or at trial in the guise of

13  motions in limine.

14      The parties are cautioned that failure to raise a dispositive legal issue that could

15  have been tendered to the court by proper pretrial motion prior to the dispositive motion

16  cut-off date may constitute waiver of such issue.

17  VII.   TRIAL SETTING

18      The parties are ordered to file a Joint Notice of Trial Readiness not later than

19  thirty (30) days after receiving this Court's ruling(s) on the last filed dispositive motion.  If

20  the parties do not intend to file dispositive motions, the parties are ordered to file a Joint

21  Notice of Trial Readiness not later than thirty (30) days after the close of discovery and

22  the notice must include statements of intent to forgo the filing of dispositive motions.

23      The parties are to set forth in their Notice of Trial Readiness, the appropriateness

24  of special procedures, whether this case is related to any other case(s) on file in the

25  Eastern District of California, the prospect for settlement, their estimated trial length, any

26  request for a jury, and their available trial dates.  After review of the parties' Joint Notice

27  of Trial Readiness, the Court will issue an order that sets forth a final pretrial conference

28  and trial date.

VIII.   SETTLEMENT CONFERENCE

The parties may request a settlement conference if they feel it would lead to the possible resolution of the case. In the event an early settlement conference date is requested, the parties shall file said request jointly, in writing.  The request must state whether the parties waive disqualification, pursuant to Local Rule 270(b), before a settlement judge can be assigned to the case.  Absent the parties' affirmatively requesting that the assigned Judge or Magistrate Judge participate in the settlement conference AND waiver, pursuant to Local Rule 270(b), a settlement judge will be randomly assigned to the case.

In the event a settlement conference is set by the Court, counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven (7) calendar days before the settlement conference, counsel for each party shall submit to the chambers of the settlement judge a confidential Settlement Conference Statement.  Such statements are neither to be filed with the Clerk nor served on opposing counsel.  Each party, however, shall serve notice on all other parties that the statement has been submitted.  If the settlement judge is not the trial judge, the Settlement Conference Statement shall not be disclosed to the trial judge.

IX.   VOLUNTARY DISPUTE RESOLUTION PROGRAM

Pursuant to Local Rule 271 parties will need to lodge a stipulation and proposed order requesting referral to the Voluntary Dispute Resolution Program.

X.   MODIFICATION OF PRETRIAL SCHEDULING ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause**.  Agreement by the parties pursuant to stipulation alone to modify the Pretrial Scheduling Order does not constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

XI.     OBJECTIONS TO PRETRIAL SCHEDULING ORDER

         This Pretrial Scheduling Order will become final without further order of the Court

unless objections are filed within seven (7) <u>court</u> days of service of this Order.

         IT IS SO ORDERED.

Dated:  July 14, 2016

                                                    _____
                                                    MORRISON C. ENGLAND, JR.
                                                    UNITED STATES DISTRICT JUDGE

7