UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH SHELTON-PRYOR, | No. 2:16-cv-00464-MCE-CKD |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| CITY OF VALLEJO and DOES 1-50, | |
| Defendants. | |

Through the present action, Plaintiff Ruth Shelton-Pryor ("Plaintiff") asserts a claim of excessive force against an unnamed Defendant Officer in addition to claims against the City of Vallejo ("Defendant" or "the City") arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., asserting wrongful arrest and failure to make reasonable accommodations. Plaintiff's allegations stem from her interaction with a Vallejo City police officer during an ongoing seizure brought on by Plaintiff's preexisting brain tumor. Presently before the Court are Plaintiff's motion to amend the complaint (ECF No. 11) and Plaintiff's motion for an extension of time to conduct depositions and amended motion to extend the fact discovery deadline in order to conduct those same depositions (ECF Nos. 16 and 20).[1] For the reasons set forth below, Plaintiff's motion to

---

[1] Plaintiff's filings at ECF Nos. 16 and 20 appear identical, so the Court will treat them as a single motion throughout this Order.

amend the complaint is DENIED, but her motion to extend the fact discovery deadline is GRANTED.

## BACKGROUND[2]

On January 9, 2015, Plaintiff was diagnosed with stage 4 Adenocarcinoma of the lung with brain metastasis. Plaintiff's brain tumor has caused her to experience seizures, for which she takes medication. Relevant to the present action, Plaintiff experienced such a seizure on July 9, 2015, as she was preparing to be driven to Sacramento. Instead of going to Sacramento, Plaintiff's brother-in-law attempted to drive her to the hospital. At a stop sign, Plaintiff—still suffering from the ongoing seizure—exited the vehicle and began walking down the street. The brother-in-law asked police cadets who happened to be in the area to call an ambulance. In addition to calling an ambulance, the cadets apparently called Vallejo police.

Vallejo police offers and paramedics arrived separately. The brother-in-law explained the situation to one of the officers first, and then left Plaintiff with that officer when he approached the paramedics and another officer to explain the same to them. Thereafter, the paramedics attempted to place Plaintiff in an ambulance to take her to a hospital, at which point Plaintiff told them she did not want to go. According to Plaintiff, one of the officers then became aggressive, pulling Plaintiff's arm behind her back, sweeping Plaintiff to the ground, and placing her in handcuffs.

Plaintiff began crying and told the officer that he was hurting her, but he did not change her position or loosen the handcuffs. Plaintiff was subsequently taken to the emergency room, treated, and released. She continues to experience pain in her shoulder, and has been diagnosed with adhesive capsulitis for which surgery has been recommended.

///

---

[2] The following recitation of facts is taken from Plaintiff's Complaint, ECF No. 1.

**STANDARDS**

Presently before the Court are two requests from Plaintiff: (1) for leave to amend her complaint, and (2) for an extension of the fact discovery deadline. Both requests essentially seek to amend the Court's July 14, 2016 Pretrial Scheduling Order, ECF No. 7. As such, both requests require a showing of good cause.

### A. Leave to File An Amended Complaint

Generally, a motion to amend is subject to Rule 15(a) of the Federal Rules of Civil Procedure,[3] which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[ ]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); see In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013).

Rule 16(b) requires a party seeking leave to amend to demonstrate "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." Johnson, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." Id. Although "the focus of the inquiry is upon the moving party's reasons for seeking modification," a court may make its determination by noting the prejudice to other parties. Id.

If good cause is found, the court must then evaluate the request to amend in light of Rule 15(a)'s liberal standard. Id. at 608. Leave to amend should be granted unless amendment: (1) would cause prejudice to the opposing party, (2) is sought in bad faith, (3) creates undue delay, (4) or is futile. Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1153 (9th Cir. 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "Because Rule 16(b)'s 'good cause' inquiry essentially incorporates the first three

---
[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

3

factors, if a court finds that good cause exists, it should then deny a motion for leave to amend only if such amendment would be futile." Baisa v. Indymac Fed. Reserve, No. 2:09-CV-01464-WBS-JFM, 2010 WL 2348736, at *1 (E.D. Cal. June 8, 2010).

### B. Extension of Fact Discovery Deadline

Plaintiff's second request seeks an extension of the discovery cutoff, which also requires amendment of the Pretrial Scheduling Order ("PTSO"). As with Plaintiff's motion for leave to file an amended complaint, any motion seeking to amend the PTSO must meet the "good cause" standard of Rule 16. Fed. R. Civ. P. 16(b). In explaining this standard, the Ninth Circuit has stated:

> A district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modifications. If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609 (citations omitted).

## ANALYSIS

### A. Leave to File An Amended Complaint

Plaintiff first moves to amend her complaint to substitute three Vallejo police officers in place of Doe defendants, and to add two legal theories: integral participation and failure to intervene. Plaintiff moves under Federal Rule of Civil Procedure 15(a), arguing that the Court's PTSO issued July 14, 2016, failed to set a specific deadline for the amendment of pleadings, and thus Rule 16 does not apply. The problem with Plaintiff's argument is that the PTSO specifically addresses amendment of pleadings and provides that "[n]o joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown." ECF No. 7, at 1. Pursuant to that language, the deadline for amending the pleadings under the more liberal Rule 15

4

standard lapsed at the issuance of the PTSO. In other words, the deadline Plaintiff claims is absent from the Court's PTSO is the date of the Order itself. Consequently, Rule 16's more stringent good cause standard applies, and the Court concludes Plaintiff has not met that standard.

Rule 16 primarily considers the diligence of the party seeking amendment. In this case, Plaintiff learned the identities of the three officers with whom she had contact by way of Defendant's responses to interrogatories on August 18, 2016. The following month, Plaintiff's counsel expressed his intent to seek leave to add those three officers as defendants in the present action. See Ex. A to Decl. of Kelly J. Trujillo, ECF No. 26-1. He failed to do so, however, for six more months until Plaintiff filed the present motion seeking leave to amend the complaint on March 31, 2017. See ECF No. 11. Such a delay indicates a lack of diligence on the part of Plaintiff's counsel, and the Court cannot find good cause under such circumstances.[4] Due to Plaintiff's delay, the Court's inquiry need not go any further.[5] Plaintiff's motion to amend, ECF No. 11, is therefore DENIED.

### B.  Extension of Fact Discovery Deadline

Plaintiff next moves for an extension of the fact discovery deadline for the limited purpose of taking certain depositions. Specifically, Plaintiff seeks to depose Vallejo Police Officers Wesley Simpson, Dan AcFalle, and Nickolas Slaon (the three officers Plaintiff sought to add above), as well as Persons Most Knowledgeable ("PMK") regarding ADA and excessive force policies within the police department. As provided above, such an extension requires modification of the Court's PTSO and as such, Plaintiff must establish good cause for such a modification under Rule 16. Again, the focus of the Court's inquiry is on the diligence of the party seeking modification. This

---

[4] Plaintiff's argument that counsel was simply performing a thorough investigation to ensure that the correct people were named is unconvincing in light of counsel's statement in September 2016 that he intended to add the three officers now at issue.

[5] Though the Court's inquiry could end here, it is worthwhile to note that adding three named defendants at this late stage of the case—a year and a half into prosecution and after the close of discovery—would prejudice the newly added defendants as well as the City, and would necessarily cause substantial delay. For those reasons, Plaintiff's motion would also fail under Rule 15(a).

5

time, however, the focus is on whether the Court's schedule could not have reasonably been met despite the diligence of the party seeking the extension. As explained below, though Plaintiff could have been <u>more</u> diligent in pursuing the discovery she now seeks by way of this motion, the Court finds a thirty-day extension of the discovery deadline for the limited purpose of taking the depositions described above to be appropriate under the circumstances.

The fact discovery deadline was April 10, 2017. After Defendant's depositions concluded on March 20, 2017, Plaintiff's counsel expressed his desire to depose the three officers allegedly involved and a PMK witness. Perhaps as a result of a misunderstanding between the lawyers, Plaintiff's counsel then waited until March 29 to follow up with Defendant's counsel regarding possible deposition dates, proposing April 3, 4, 5, 6, and 7. Counsel subsequently sent notices and subpoenas by email (and postal mail) on March 31, purporting to set all proposed depositions for April 7. Defendant objected to the depositions in writing on April 4, and lawyers for both parties met and conferred by phone the following day. Defendant's counsel at that time expressed her refusal to appear at the depositions, citing the following objections: (1) notice was not reasonable; (2) notice and subpoena by email was not proper; (3) Defendant was not required to accept service on behalf of the nonparty employee officers; and (4) counsel had a conflict on April 7, 2017, and was therefore unavailable.

The parties make various arguments in their respective briefs regarding the effectiveness of Plaintiff's service of the notices and subpoenas. Whether by email or postal mail, it appears service of the subpoenas of nonparty officers on Defendant's counsel was not effective where counsel had not agreed to accept such service. Under Rule 45, nonparty witnesses—including subordinate or non-managing employees of a party—must be subpoenaed to attend a deposition. Plaintiff's notice of deposition of PMK witness, however, was appropriate. In any event, while this weighs against a showing of Plaintiff's diligence with regard to the nonparty officers' depositions, it is not
///

determinative of Plaintiff's motion. Rather, the Court considers Plaintiff's overall diligence in pursuing the subject depositions.

To that end, the Court agrees with Defendant to the extent that in a perfect world, Plaintiff's counsel would have started the process of setting the desired depositions long before March 20. Indeed, it was Plaintiff's duty to set the depositions, and waiting until March 20 to begin that process is not particularly diligent. Counsel then waited nine days, until March 29, to follow up with Defendant's counsel. Though a week's notice may be reasonable and sufficient under some circumstances, with a minimum of four depositions not yet scheduled, the Court struggles to understand how Plaintiff planned on meeting the Court ordered discovery deadline of April 10 in this case.

The Court is aware, however, that Defendant's depositions were ongoing during that time and that counsel may have been under the mistaken impression that Defendant's counsel would reach out with available dates. Moreover, Defendant's counsel was aware that Plaintiff intended to take certain depositions at least as of March 20 and—as is customary—could have consented to accept service of all deposition notices, including those of the nonparty officers. And given counsel's own scheduling conflict, counsel could have stipulated to an extension of the discovery cutoff to allow Plaintiff to schedule those depositions at a mutually convenient time. Lastly, rather than simply refusing to produce the witnesses, counsel for Defendant could have sought a protective order from the Court based on Plaintiff's unreasonable and untimely notice, which order would have simply enlarged time to provide all parties adequate time to prepare for the depositions. For those reasons, the Court finds good cause to amend the pretrial scheduling order to extend the close of discovery by thirty days to allow Plaintiff to take the depositions specified in her moving brief.

///

///

///

///

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion for leave to file an amended complaint, ECF No. 11, is DENIED. Plaintiff's motion for an extension of the fact discovery deadline, ECF Nos. 16 and 20, is GRANTED. Discovery shall be reopened for a period of thirty (30) days from the date of electronic filing of this Order for the limited purpose of allowing Plaintiff to schedule, notice or subpoena, and take, the depositions of Vallejo Police Officers Wesley Simpson, Dan AcFalle, and Nickolas Sloan, as well as Persons Most Knowledgeable regarding ADA and Excessive Force Policies for the Vallejo Police Department. Defendant's counsel is directed to cooperate with Plaintiff in making those individuals available for deposition within that time period. Plaintiff's counsel is, however, cautioned that there will be no further extensions of time, and counsel is therefore advised to promptly begin the process of setting those depositions.

IT IS SO ORDERED.

Dated: November 8, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE